IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN COUCH, # B-12125 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-904-MJR |
| | ) |
| ERIC NUTALL, SALVADOR GODINEZ, | ) |
| GLADYSE C. TAYLOR, | ) |
| DIRWIN L. RYKER, | ) |
| DONALD GAETZ, | ) |
| RICHARD YOUNG and | ) |
| UNKNOWN MEDICAL PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Western Illinois Correctional Center ("Western") has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1983 (Doc. 1). Plaintiff is serving a twenty-six year sentence for distribution of cocaine. Plaintiff names Defendant Godinez and Taylor, Director and Assistant Director, respectively, of the Illinois Department of Corrections. Additionally, Plaintiff names the Wardens of three Illinois Correctional Centers: Defendant Ryker (Lawrence), Gaetz (Pickneyville) and Young (Western). Plaintiff claims, generally, retaliation and conspiracy to retaliate by prison employees or officials, medical negligence and failure to protect.

Plaintiff states that Correctional Officer Eric Nuttall, who is not named in the caption, but against whom Plaintiff makes claims in his pleadings, disposed of Plaintiff's legal documents and other personal possessions in retaliation for the numerous grievances Plaintiff

1

filed against him. He asserts that the current directors and officials of the Illinois Department of Corrections, that is, Defendants Godinez, Taylor, Ryker, Gaetz and Young, have neglected to investigate and prosecute conduct within Plaintiff's facilities, and about which, it appears, Plaintiff has filed grievances. Additionally, Plaintiff claims that prison officials failed to protect him from fellow inmate Phillip Dotson, who assaulted him at the Lawrence facility. Finally, he states that unnamed medical personnel neglected the injuries resulting from this attack for fifteen days, and thus were deliberately indifferent to his serious medical needs.

He requests criminal and civil action against Officer Nutall and Inmate Dotson and that the current Directors of the IDOC be held responsible for their failure to address abuses. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Officer Nuttall for retaliation (Count 1).

The Court next turns to Plaintiff's claims against Defendants Godinez, Taylor, Ryker, Gaetz and Young for conspiracy to retaliate against Plaintiff for filing grievances (Count 2). Plaintiff claims that a lack of response to his grievances constitutes retaliation. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who

otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

However, prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Here, Plaintiff asserts that officials are intentionally refusing to process his grievances. Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court shall allow Plaintiff's retaliation claim (Count 2) to proceed at this time.

Plaintiff also claims that Defendants Ryker and Nutall, officials at Lawrence, failed to protect him against assault by fellow inmate Dodson (Count 3), who was placed in his cell with Defendants' knowledge of Dodson's history of assault on former cellmates. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to

protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Plaintiff has, at this stage of the proceedings, sufficiently stated a claim against Defendants Ryker and Nutall for failure to protect.

As to his claims of medical neglect (Count 4), Plaintiff outlines injuries and continued pain coupled with repeated requests for care that were ignored. The Seventh Circuit has held that delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference, particularly in the case of an inmate who is facing a lengthy period of confinement before eligibility for parole. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (citing A*rnett v. Webster,* 658 F.3d 743, 753 (7th Cir. 2011)). Plaintiff's claims against unnamed medical personnel shall proceed.

Finally, Plaintiff requests that criminal charges be brought against inmate Dotson. Plaintiff does not have a constitutional claim to pursue in this action for his beating by a fellow inmate. However, Plaintiff may pursue a remedy in Illinois state court. Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). Furthermore, only a prosecutor can bring criminal charges. Criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

**Disposition**

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

The Clerk of the Court is **DIRECTED** to add Eric Nuttall as a defendant in this matter and add Defendant Nutall to the caption of this case. The Clerk of the Court is **DIRECTED** to add Defendants Unknown Medical Personnel to this case and to the caption in this case. Service shall not be made on the Unknown (Medical Personnel) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

The Clerk of Court shall prepare for Defendants Nutall, Godinez, Taylor, Ryker, Gaetz and Young: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any

5

documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 9, 2012**

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge