IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHEN COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL No. 12-cv-904-SCW |
| | ) | |
| ERIC NUTALL, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED FINAL PRETRIAL ORDER

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**PLAINTIFF'S COUNSEL:**

Randall S. Thompson
Kaytlin E. Kopen
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
randall.thompson@huschblackwell.com
kayt.kopen@huschblackwell.com

**DEFENDANT'S COUNSEL:**

Adam Lipetz
Robert Fanning
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-9026
Facsimile: (217) 524-5091
alipetz@atg.state.il.us
rfanning@atg.state.il.us

I.   **NATURE OF THE CASE**

Plaintiff Stephen Couch alleges that in August 2010, Defendant Eric Nutall retaliated against him for exercising his First Amendment right to truthful speech, when Plaintiff was confined at Lawrence Correctional Center and Defendant was an employee of the institution.  Specifically, Plaintiff alleges that Defendant entered Plaintiff's room with a

trash can and disposed of Plaintiff's legal documents and other personal property in retaliation for grievances Plaintiff had written concerning Defendant.

## II. JURISDICTION

A. This is an action for:

Compensatory and punitive damages.

B. The jurisdiction of the Court is not disputed.

i. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This action arises under 42 U.S.C. § 1983.

## III. UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. The relevant time period involving Plaintiff's claims is in or about August 2010.

2. Plaintiff was confined at Lawrence Correctional Center in August 2010.

3. In August 2010, Defendant was an employee of the Illinois Department of Corrections and located at Lawrence Correctional Center.

## IV. AGREED TO ISSUES OF LAW

The parties agree that the following are the issues to be decided by the Court:

1. Motions *in limine* filed by Plaintiff and Defendant.

2. Whether Defendant is entitled to qualified immunity.

The parties agree that the following are the issues to be decided by the jury:

1. Whether Defendant retaliated against Plaintiff for Plaintiff's assertion of his First Amendment rights.

2. Whether Plaintiff is entitled to compensatory and punitive damages.

## V. WITNESSES

A. List of witnesses Plaintiff expects to call, including experts.

1. Expert witnesses.

          a.     None.

     2.    Non-expert witnesses.
         a.     Plaintiff plans to call:
            i.     Plaintiff Stephen Couch
            ii.    Donald Shaw, R48130
         b.     Plaintiff may also call:
            i.     Branden Segura
            ii.    Brandon Risse
            iii.   James Hanson Jr.
                1.    Defendant objects to this witness on the grounds of relevance, prejudice, and improper use of character evidence. Plaintiff intends to call Mr. Hanson to testify about Defendant's character and prior discipline. Defendant have filed a Motion in Limine to prevent such evidence.

B.    List of witnesses Defendant expects to call, including experts:

     1.    Expert witnesses.
         a.  None

     2.    Non-expert witnesses.
         a.  Defendant plans to call:
            i.  Defendant Eric Nutall
            ii.  Kevin McCorkle
         b.  Defendant may also call:
            i.  Brandon Risse
            ii.  Daniel Downen
            iii. Brian Stafford

C.    Rebuttal Witnesses.  Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI.    EXHIBITS

A copy of the joint Pretrial Exhibit Stipulation is attached hereto.

## VII.   DAMAGES

Plaintiff seeks: compensatory damages in an amount to be determined at trial; punitive damages in an amount to be decided by the jury, if appropriate; a judgment against Defendant for the costs of this civil action; reasonable attorneys' fees; and any additional relief this Court deems just, proper and equitable.

VIII. **BIFURCATED TRIAL**

The parties do not request a bifurcated trial in this case.

IX. **TRIAL BRIEFS**

Trial briefs should be filed with the Court at the Final Pretrial Conference on any difficult factual or evidentiary issue and also set forth a party's theory of liability or defense.

X. **LIMITATIONS, RESERVATIONS, AND OTHER MATTERS**

A. **Trial Date.** Trial of this cause is set for the week of September 28, 2015.

B. **Length of Trial**. The probable length of trial is 2-3 days. The case will be listed on the trial calendar to be tried when reached.

**Mark Appropriate Box:**   JURY. . . . . . . . .  X     NON-JURY. . . .  ___

C. **Number of Jurors.** There shall be a minimum of six jurors.

D. **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted. If voir dire questions are to be tendered, they should be submitted with the Final Pretrial Order.

E. **Jury Instructions.** All jury instructions of all parties shall be submitted with a completed jury instruction order prepared in compliance with this Court's instructions no later than the first day of trial. An original and one copy of each instruction shall be submitted to the Court and duplicates shall be delivered to opposing counsel. The original of each proposed instruction shall be on 8½" x 11" plain white paper without any designation or number. The copy shall be numbered, identify the authority supporting the instruction and which party tenders it. Jury instructions should be produced in a word processing program and submitted on diskette or by electronic means as provided by the Court.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: September 25, 2015

*/s/ Stephen C. Williams*  
US Magistrate Judge